IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
*9:11 am, Jun 15, 2026*
JEFFREY P. COLWELL, CLERK

Civil Action No. 26-cv-02309-RTG

ERIC P. BRANDT,
Plaintiff,

v.

JEREMY TAFOYA, et al.,
Defendants.

---

**PLAINTIFF'S VERIFIED MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT TO CURE DEFICIENCIES**

---

On May 30, 2026, Plaintiff received the Court's May 26, 2026 Order Directing Plaintiff to Cure Deficiencies (Doc. 3), identifying administrative and formatting deficiencies in the original Prisoner Complaint. Plaintiff is committed to curing the identified deficiencies and respectfully submits that good cause exists for the requested extension, as set forth below.

Pursuant to Fed. R. Civ. P. 6(b)(1)(A), D.C.COLO.LCivR 6.1, and the Uniform Civil Practice Standards of Magistrate Judges §V.7 (eff. Jan. 15, 2025), Plaintiff moves for a two-month extension of time to file his amended complaint. The current deadline is June 25, 2026. Plaintiff requests a new deadline of August 25, 2026. This is Plaintiff's first request for an extension of time. No other deadlines are affected. No defendant has been served or entered an appearance; opposing consultation was not possible. This motion is timely.

**A. Plaintiff Is Without Institutional Legal Access**

1. CDOC Administrative Regulation 750-01, Legal Access Program Services, §IV.A.1.a (eff. Feb. 1, 2026), grants all physically confined CDOC offenders the right to access the courts through a law library, legal access kiosk, or legal assistant.
2. AR 750-01 §IV.A.1.a expressly excludes community corrections center residents from that entitlement.
3. ICCS Pueblo maintains no law library, no legal access kiosk, and no legal assistant.
4. Plaintiff conducts all legal research and document preparation exclusively on a handheld mobile device.

**B. The Court's Order Requires Precision That Demands Adequate Time and Resources**

5. The Court's order requires Plaintiff to strip legal argument from the original complaint while preserving factual allegations sufficient to state each claim.
6. Done incorrectly, this editing risks inadvertently waiving claims or creating vulnerability under Fed. R. Civ. P. 12(b)(6).
7. Plaintiff is proceeding pro se without formal legal training.
8. Performing this editing accurately, without unintended legal consequences, requires adequate time and, where possible, the guidance of counsel.

**C. Plaintiff Is Actively Consulting Prospective Civil Rights Counsel**

9. Plaintiff is actively consulting with prospective civil rights counsel regarding the claims in this action.

10. Additional time to consult with counsel will produce a more informed and complete amended complaint than the current deadline permits.

**D. The Amended Complaint Is Increasing in Complexity**

11. Ongoing analysis and consultation with counsel have revealed that the claims structure of the original complaint warrants expansion.

12. Additional claims and parties will be incorporated into the amended complaint, making it a substantively more complex filing than the original.

13. The factual record underlying the amended complaint continues to develop.

14. Institutional conduct has escalated since the original filing, generating new facts material to the amended complaint.

15. Records requests necessary to document that conduct remain materially incomplete; state court proceedings to compel compliance with Colorado's records production laws are imminent.

16. Granting the requested extension serves the interest of judicial economy by allowing the factual record to stabilize before the amended complaint is finalized, reducing the likelihood of subsequent amendments.

**E. Plaintiff Has Acted Diligently Since Receipt of the Order**

17. Since receipt of the order, Plaintiff has diligently analyzed the deficiency order, researched the specific corrections required, discussed those deficiencies with counsel,

and organized and assembled case materials for transmission to counsel — all without access to a qualified law library.

**F. A Two-Month Extension Causes No Prejudice to Any Defendant**

18. No defendant has been served with process in this action.

19. No defendant has entered an appearance.

20. No scheduling order has been entered, no case management plan exists, and no trial date has been set.

21. A two-month extension of the amended complaint deadline will cause no procedural prejudice to any defendant.

## CONCLUSION

WHEREFORE, Plaintiff Eric P. Brandt respectfully requests that this Court enter an Order extending the deadline to file his amended complaint from June 25, 2026 to August 25, 2026.

## VERIFICATION

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this 12th day of June, 2026.

s/Eric P. Brandt
Eric P. Brandt, Plaintiff Pro Se
DOC #191131
11452 County Road B
Manzanola, CO 81058
(719) 281-9319
brandte007@gmail.com

---

## CERTIFICATE OF SERVICE

Plaintiff certifies that the foregoing motion has been filed with the Clerk of Court via electronic submission on June 12, 2026. No defendant has been served with process in this action, and no defendant has entered an appearance. Service of this motion upon defendants is therefore not required at this time.

s/Eric P. Brandt