IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02309-RTG

ERIC P. BRANDT,

Plaintiff,

v.

JEREMY TAFOYA,
COLORADO DEPARTMENT OF CORRECTIONS,
CECELIA KEAR,
INTERVENTION, INC., d/b/a Intervention Community Correction Services – Pueblo,
STEVE MEDINA,
BRIAN MUSSO,
DEMARQUES TAYLOR,
BRIAN HULSE,

Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

This matter is before the Court on the Prisoner Complaint (ECF No. 6) filed *pro se* by Plaintiff Eric Patrick Brandt on July 16, 2026. The Court must construe the Prisoner Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons explained below, Plaintiff must file an amended Prisoner Complaint if he wishes to proceed with any claims in this action.

**I. Background**

Plaintiff alleges he is a convicted Colorado state prisoner in community corrections at Intervention Community Corrections Services (ICCS). (ECF No. 6 at 3).

His claims stem from his allegations that on May 8, 2026 he was found guilty in ICCS disciplinary proceedings for forwarding copies of his prison grievances to his lawyers, and that those guilty findings were “injected into the parole progression matrix” submitted before a May 28, 2026, parole hearing, “contaminating the liberty-determining proceeding.” (*Id*. at 8-9). He asserts six claims for relief under 42 U.S.C. § 1983. **Claim one** alleges that CDOC Administrative Regulation (AR) 85-04 §C.5 has deprived him of his First and Fourteenth Amendment rights insofar as it prohibits prisoners from obtaining the assistance of counsel in pursuing grievances. **Claim two** alleges that certain Defendants retaliated against him for communicating with his attorneys about his grievances, in violation of his First Amendment right to “petition for redress of grievances, to communicate and associate with legal counsel, to announce his intent to seek judicial relief, and to meaningfully access the courts.” (*Id.* at 17). **Claim three** (labeled claim four) asserts that Plaintiff’s First and Fourteenth Amendment rights were violated when he was disciplined for consulting counsel on his grievances. **Claim four** (labeled claim five) alleges that Parole Supervisor Defendant Tafoya violated Plaintiff’s Fourteenth Amendment rights when he “documented Plaintiff as noncompliant with program policy — AR 850-04 and AR 250-15 Community Corrections Program Supervision Standards — and tied that characterization to required enhanced treatment and ‘program progression’” which “exposed Plaintiff to enhanced programming/treatment and adverse program progression.” (*Id*. at 19-20). **Claim five** (labeled claim six) alleges that Plaintiff’s First Amendment rights were violated when “Tafoya threatened further disciplinary action were Plaintiff to continue filing grievances

after communicating with his lawyers." (*Id.* at 21). **Claim six** (labeled claim seven) alleges that certain Defendants engaged in a conspiracy to deprive Plaintiff of his constitutional rights by agreeing "to discipline Plaintiff for forwarding his grievances to his attorneys, and to condition his access to the grievance process on his not consulting them." (*Id*. at 24). Plaintiff seeks equitable relief, as well as monetary damages against Defendant Intervention, Inc. and the individual defendants in their individual capacities.

## III. Analysis

### A. Rule 8

Complaints must contain a short and plain statement of the facts explaining why a claim succeeds. Fed. R. Civ. P. 8(a)(2). A complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." *Id.* The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Vague or unintelligible pleadings violate Rule 8. Here, Plaintiff's allegations are overly lengthy and clouded with unnecessary, obscuring verbiage which makes them difficult to follow. The amended pleading must comply with Rule 8.

### B. Eleventh Amendment Immunity

To the extent Plaintiff asserts § 1983 claims against the State of Colorado or individual defendants in their official capacities for retroactive declaratory relief, the claims are barred by Eleventh Amendment immunity. *See Will v. Michigan Dep't of*

*State Police*, 491 U.S. 58, 66 (1989); *Johns v. Stewart*, 57 F.3d 1544, 1553 (10th Cir. 1995) ("The Eleventh Amendment does not permit judgments against state officers declaring that they violated federal law in the past."). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). However, a claim against a state official in his or her official capacity seeking prospective injunctive relief for an ongoing violation of federal law is not barred by the Eleventh Amendment. *See Harris v. Owens*, 264 F.3d 1282, 1290 (10th Cir. 2001).

**C. Liberty or Property Interest**

Plaintiff states that he is in community corrections and the CDOC inmate locator tool, https://www.doc.state.co.us/oss/, indicates that he is currently on parole. His allegation that Defendants' actions "exposed" him to "enhanced programming/treatment" are vague and unclear. In any event, to show an entitlement to relief under the Fourteenth Amendment Due Process Clause, Plaintiff must allege facts to demonstrate that he has been deprived of a constitutionally protected liberty or property interest. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Rezaq v. Nalley,* 677 F.3d 1001, 1010 (10th Cir. 2012). However, Plaintiff has no liberty or property interest in a particular course of programming or treatment in community corrections. "Federal courts have consistently found that prisoners have no constitutionally protected liberty interest in prison vocational, rehabilitation, and educational programs based on the Fourteenth Amendment." *Grady v. Garcia*, 2012 WL 1044491, at *8 (D. Colo. Mar.

27, 2012), *aff'd,* 506 F. App'x 812 (10th Cir. 2013) (quoting *Kirkland v. McKee,* 2009 WL 1542899, at * 5 (W. D. Mich. June 2, 2009)); *see also Washington v. Borejon,* 324 F. App'x 741 (10th Cir.2009) ("The ability to participate in a rehabilitative prison program clearly does not implicate life or property interests.")

**D. Grievances**

Additionally, although Plaintiff's claims are premised on his assertion of a constitutional right to a particular grievance procedure, inmates do not have a constitutional right to administrative grievance procedures. *See Boyd v. Werholtz*, 443 F. App'x 331 (10th Cir. 2011). "Nor does the state's voluntary provision of an administrative grievance process create a liberty interest in that process." *Id*. at 332 (citing *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (observing that inmates have no constitutionally-protected liberty interest in access to prison grievance procedure); *see also Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (*per curiam*) (finding that "[a] prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest[.]" (quotation and brackets omitted)). Allegations of an unfair or inadequate grievance process thus do not support a viable due process claim. *See Van Hallcy v. Clements*, 519 F. App'x 521, 524 (10th Cir. 2013) (rejecting prisoner's claim that prison director violated due process by providing him with an inadequate prisoner grievance reporting system).

Likewise, there is no First Amendment right to effective or accessible prison grievance procedures. *Id*. at 523; *Boyd v. Werholtz*, 443 F. App'x at 332. "Instead, when

the claim underlying the administrative grievance involves a constitutional right, the prisoner's [First Amendment] right to petition the government for redress is the right of access to the courts." *Boyd*, 443 F. App'x at 332 (quotation marks and brackets omitted). And the right of access to the courts "is not compromised by the prison's refusal to entertain his grievance." *Id.* Here, it is apparent that Plaintiff has not been deprived of access to the courts, because he has filed and pursued this lawsuit. *See Walters v. Corr. Corp. of Am.*, 119 F. App'x 190, 191 (10th Cir. 2004). Finally, because Plaintiff has no constitutional right to file a grievance, he cannot show he "engaged in constitutionally protected activity" required to prove retaliation. *Shero v. City of Grove,* 510 F.3d 1196, 1203 (10th Cir. 2007).

Plaintiff must file an amended Prisoner Complaint on the court-approved Prisoner Complaint form which addresses these deficiencies if he wishes to pursue claims in this action.

**IV. Conclusion**

Accordingly, it is

ORDERED that Plaintiff shall file, **within 30 days from the date of this Order**, an amended Prisoner Complaint on the court-approved Prisoner Complaint form. The form must be completed in full. It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint within the time allowed, the action may be dismissed without further notice.

DATED October 9, 2026.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge