IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02309-RTG

ERIC P. BRANDT,

Plaintiff,

v.

JEREMY TAFOYA, et al.,

Defendants.

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
Nov 9, 2026
**JEFFREY P. COLWELL, CLERK**

**Plaintiff's Verified Motion for Extension of Time to File Second Amended Complaint**

Pursuant to Fed. R. Civ. P. 6(b)(1)(A), D.C.COLO.LCivR 6.1, and the Uniform Civil Practice Standards of Magistrate Judges §V.7, Plaintiff moves for an extension of time to file his Second Amended Complaint as directed by the Court's October 9, 2026 Order (ECF No. 7). The current deadline is Monday, November 9, 2026. Plaintiff requests a new deadline of Friday, January 8, 2027. This is Plaintiff's first request for an extension of the deadline set by ECF No. 7; Plaintiff received one prior extension (ECF No. 5) of the deadline set by the Court's earlier order to cure (ECF No. 3). No other deadlines are affected. No defendant has been served or entered an appearance; opposing consultation was not possible. This motion is timely.

**A. <u>Plaintiff Will Seek Clarification of the Order's Scope</u>**

The Court's Order directs Plaintiff to file an amended complaint "which addresses these deficiencies." (ECF No. 7 at 6.) Plaintiff does not claim a right to any grievance procedure; his First Amendment claims rest on the rights to petition, to communicate with counsel, and to be

free from retaliation. The Order does not state whether Parts III.C and III.D of the Order require Plaintiff to omit particular claims, or whether he may replead those claims to clarify the rights he actually asserts. The answer determines which claims the Second Amended Complaint will contain. Drafting before that question is resolved risks a pleading that does not comply and a further round of amendment. Plaintiff will present this question by separate motion to clarify, to be filed within seven days, and requests an extension sufficient to draft the Second Amended Complaint with the benefit of the Court's answer. A single complete Second Amended Complaint will serve judicial economy better than successive amendments.

**B. Plaintiff Is Revising His Pleading to Comply with Rule 8**

Plaintiff accepts that, given the complexity of the fact pattern and his pro se status, his First Amended Complaint may have been difficult for someone to follow. Plaintiff is revising it as the Court directed in ECF No. 5, setting forth each claim for relief separately, in his own words, with a short and plain statement of the specific facts supporting it, and without legal argument. The record spans many separate actions by eight defendants over roughly four months, and reducing it to the facts that support each element of each claim, without omitting facts necessary to adequately state a claim upon which relief can be granted, is challenging work, especially without formal legal training. How far each claim can be reduced depends in part on the scope questions Plaintiff will present by his forthcoming motion to clarify.

**C. <u>Plaintiff Has Acted Diligently</u>**

Since receiving the Court's Order, Plaintiff has worked diligently toward compliance. He has reviewed the Order against his First Amended Complaint and identified questions about its scope that he will present by separate motion to clarify. Claims in this action have had varying exhaustion requirements, and claims that were not ripe when Plaintiff last amended have now completed administrative exhaustion. Those claims may bear on the content of the Second Amended Complaint. Plaintiff recently transitioned from Community Corrections to State Parole and Federal Probation Status. As part of the move, his phone-only resources have been migrated to a more traditional home PC-based platform and he has sought to better organize his factual record so that each claim can be restated separately, in short and plain terms, as the Court directed in ECF No. 5. Plaintiff has done this with neither counsel nor access to qualified legal research tools. Plaintiff has recovered his PACER account so that he can better monitor the docket. Furthermore, roughly a week of the thirty days was consumed by mail delivery of the Order.

**D. <u>The Extension Causes No Prejudice to Any Defendant</u>**

No defendant has been served with process in this action. No defendant has entered an appearance. No scheduling order has been entered, no case management plan exists, and no trial date has been set.

**CONCLUSION**

WHEREFORE, Plaintiff Eric P. Brandt respectfully requests that this Court enter an Order extending the deadline to file his Second Amended Complaint to Friday, January 8, 2027.

**VERIFICATION**

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this 9th day of November, 2026.

s/Eric P. Brandt
Eric P. Brandt, Plaintiff Pro Se
11452 County Road B
Manzanola, Colorado 81058
brandte007@gmail.com
719-281-9319

---

**CERTIFICATE OF SERVICE**

Plaintiff certifies that the foregoing motion has been filed with the Clerk of Court via electronic submission on November 9th, 2026. No defendant has been served with process in this action, and no defendant has entered an appearance. Service of this motion upon defendants is therefore not required at this time.

s/Eric P. Brandt