IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02309-RTG

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*3:56 pm, Nov 24, 2026*
**JEFFREY P. COLWELL, CLERK**

ERIC P. BRANDT,

Plaintiff,

v.

JEREMY TAFOYA, et al.,

Defendants.

**VERIFIED MOTION TO RECONSIDER ECF 9 AND TO RESET THE DEADLINE FOR THE SECOND AMENDED COMPLAINT**

Plaintiff Eric P. Brandt, *pro se*, respectfully moves the Court to reconsider its Minute Order (ECF 9) and to reset the deadline for his Second Amended Complaint. ECF 9 issued on a Friday, set an impossible deadline of the following Monday, November 16, 2026, and was served by mail; it expired before it could even reach Plaintiff. Plaintiff asks that his Second Amended Complaint be due sixty days after service of the Court's ruling on his Motion to Clarify (ECF 11). Plaintiff is also objecting to ECF 9 under Fed. R. Civ. P. 72(a), by separate filing. In support, Plaintiff states as follows:

Under D.C.COLO.LCivR 7.1(a), Plaintiff states that no defendant has been served or entered an appearance; opposing consultation was not possible.

## I. RELEVANT BACKGROUND

| Date | Event |
|---|---|
| July 16, 2026 (Thursday) | Plaintiff files his Verified First Amended Prisoner Complaint (ECF 6). |
| October 9, 2026 (Friday) | 85 days later, the Court issues its Order Directing Plaintiff to File Amended Complaint (ECF 7), allowing Plaintiff a mere thirty days to comply; service by rural USPS mail. (ECF 8 at 3.) |
| November 9, 2026 (Monday) | Plaintiff files his first request for more time to comply with ECF 7 (ECF 8). It puts the Court on notice that a motion to clarify would follow. (ECF 8 at 2.) |
| November 13, 2026 (Friday) | The Court's Minute Order (ECF 9) grants ECF 8 in part and sets an outrageously unreasonable three-day deadline of the following Monday, November 16, 2026. It is served by U.S. Mail; Plaintiff has yet to see the mailed copy. |
| November 16, 2026 (Monday) | Plaintiff, unaware of ECF 9, files his Notice Regarding Forthcoming Motion to Clarify, advising the Court the motion will ensue by the end of business the next day. (ECF 10 at 1.) |
| November 17, 2026 (Tuesday) | Plaintiff files his foreshadowed Verified Motion to Clarify (ECF 11). |
| November 18, 2026 (Wednesday) | Plaintiff leaves town on mixed business. ECF 9 has yet to arrive. |
| November 21, 2026 (Saturday) | While still out of town, Plaintiff first learns of ECF 9 by viewing the docket on PACER. |

## II. ARGUMENT

### A. ECF 9 Should Be Reconsidered to Correct Clear Error

ECF 9 is an interlocutory order, and the Court has "general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1223–24 n.2 (10th Cir. 2008) (quoting *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991)). Reconsideration is warranted "to correct clear error or prevent

manifest injustice," and "where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

ECF 9 misapprehended the facts and Plaintiff's position. ECF 8 told the Court that mail delivery of ECF 7 had consumed "roughly a week" (ECF 8 at 3) and that a motion to clarify would follow, because the Court's answer "determines which claims the Second Amended Complaint will contain" (*id.* at 2). ECF 9 addressed neither point. It issued on a Friday, set a deadline of the following Monday, and was served by U.S. Mail. The error is the Court's, not Plaintiff's.

Leaving ECF 9 in place would work a manifest injustice. It warns that this action "may be dismissed without further notice" if Plaintiff does not comply, and that "[n]o further extensions will be granted absent an extraordinary showing of good cause." (ECF 9 at 1.) Plaintiff could not comply with a deadline that expired before the order reached him.

**B. Good Cause for the Period Requested**

The Second Amended Complaint depends on the Court's answer to Plaintiff's Motion to Clarify (ECF 11). Plaintiff told the Court so before ECF 9 issued. The answer "determines which claims the Second Amended Complaint will contain," and "[d]rafting before that question is resolved risks a pleading that does not comply and a further round of amendment." (ECF 8 at 2.) Plaintiff therefore asked for time "to draft the Second Amended Complaint with the benefit of the Court's answer." (*Id.*) ECF 9 set the deadline without awaiting the motion to clarify ECF 8 had announced, and that motion remains pending. A deadline that runs from the ruling on ECF 11 lets Plaintiff file one complete pleading that cures whatever deficiencies the Court identifies.

Plaintiff proceeds *pro se*, with "neither counsel nor access to qualified legal research tools." (ECF 8 at 3.) The Court's orders reach Plaintiff by U.S. Mail, and delivery of ECF 7 consumed "roughly a week." (*Id.*) Sixty days after service of the Court's ruling on ECF 11 is a modest period for that work.

Under D.C.COLO.LCivR 6.1(b), Plaintiff requests, for the reasons above, that the Second Amended Complaint be due sixty days after service of the Court's ruling on ECF 11. The Court has granted two extensions previously; ECF 8 was Plaintiff's first request on ECF 7. Sixty days to prepare a multi-defendant, multi-claim *pro se* complaint is reasonable, particularly given that the Court took 85 days to review the First Amended Complaint. (*See* ECF 6; ECF 7.)

**C. The "Extraordinary Showing" Standard**

When a request for more time is made before the deadline, the movant "need[s] only to show good cause for the extension request." *Rachel v. Troutt*, 820 F.3d 390, 395 (10th Cir. 2016). Rule 6(b)(1) "should be liberally construed to advance the goal of trying each case on the merits," and district courts "should normally grant extension requests, made before the deadline, in the absence of bad faith by the requesting party or prejudice to another party." *Id.* at 394 (citing 4B Charles Alan Wright, Arthur R. Miller & Adam N. Steinman, *Federal Practice and Procedure* § 1165, at 605–08 (2015)). ECF 8 was such a request. ECF 9 nonetheless conditioned any further extension on "an extraordinary showing of good cause," imposed on Plaintiff's first request on ECF 7. Plaintiff asks that any further request made before a deadline expires be measured by the Rule's ordinary good-cause standard.

Plaintiff is fully engaged in this case and has acted diligently and in good faith throughout. He sought clarification so that his Second Amended Complaint will present his claims in a form ready to be drawn to a presiding judge. *Pro se* litigants "are to be given reasonable opportunity to remedy the defects in their pleadings," *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991), and "*a careful judge* will explain the pleading's deficiencies so that a prisoner with a meritorious claim can then submit an adequate complaint," *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (emphasis added).

**D. Judicial Economy**

No defendant has been served or has appeared, so the time requested prejudices no one and does not interfere with the judicial process. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (listing "the degree of actual prejudice to the defendant" and "the amount of interference with the judicial process" among the factors a court considers before dismissing an action). Plaintiff has met every deadline the Court set that he knew of. Dismissal would serve no purpose and would be deleterious to Plaintiff: it would cost him a second $405 filing fee and require the Court to screen the same claims again. Judicial economy is best served by allowing Plaintiff the time he needs to compose one complete Second Amended Complaint with the benefit of the Court's answer to ECF 11.

## III. CONCLUSION

WHEREFORE, Plaintiff Eric P. Brandt respectfully requests that the Court:

(1) reconsider ECF 9 and vacate its November 16, 2026 deadline;

(2) order that the Second Amended Complaint is due sixty days after service of the Court's ruling on Plaintiff's Motion to Clarify (ECF 11), or, if the Court declines to tie the deadline to that ruling, sixty days after service of its order on this motion;

(3) measure any further request for time made before a deadline expires by the ordinary good-cause standard of Fed. R. Civ. P. 6(b)(1); and

(4) not dismiss this action while this motion and Plaintiff's objection under Fed. R. Civ. P. 72(a) are pending.

## VERIFICATION

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this 24th day of November, 2026.

s/Eric P. Brandt
Eric P. Brandt, Plaintiff *Pro Se*
11452 County Road B
Manzanola, Colorado 81058
brandte007@gmail.com
719-281-9319

## CERTIFICATE OF SERVICE

Plaintiff certifies that the foregoing motion has been filed with the Clerk of Court via electronic submission on November 24, 2026. No defendant has been served with process in this action, and no defendant has entered an appearance. Service of this motion upon defendants is therefore not required at this time.

s/Eric P. Brandt